IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| E.A., B/N/F EDWARD A., | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| vs. | § § § | |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff E.A. represented here by next friend Edward A., his custodial grandfather ("Mr. A.")[1], is a student in the Frisco Independent School District ("Frisco ISD") and files this Original Complaint against Frisco ISD respectfully stating as follows:

### I.
### PRELIMINARY STATEMENT

E.A. is a student with a disability assigned to a self-contained classroom with other students with disabilities. Without any prior written notice and solely based upon E.A. and his classmates having disabilities, Frisco ISD moved E.A. like a pawn on a chess board from one school to another for no reason other than its own administrative convenience. In doing so, Frisco ISD violated the Individuals with Disabilities Act ("IDEA") and Section 504 of the Rehabilitation Act ("Section 504").

---

[1] Plaintiff is a minor with a disability who is entitled to have his identity protected. Defendant is aware of his identity. He was the Petitioner in Docket No. 083-SE-1118 brought against Frisco Independent School District.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                           Page 1 of 10

## II.
## PARTIES

1. Plaintiff E.A. B/N/F Edward A. is a resident of Frisco, Collin County, Texas. E.A. is a student in the Frisco ISD.

2. Defendant Frisco ISD is a political subdivision of the State of Texas with its administrative offices at 5515 Ohio Drive, Frisco, Texas 75035 where it may be served with process through its superintendent, Dr. Mike Waldrip.

## III.
## JURISDICTION & VENUE

3. This Court has jurisdiction over this proceeding pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A), Section 504, 29 U.S.C. § 701, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On November 19, 2018, Plaintiff filed a request for an impartial due process hearing pursuant to the IDEA. The due process hearing was assigned Docket Number 083-SE-1118. On January 17, 2019, Special Education Hearing Officer Steve Elliot (the "SEHO") granted Frisco ISD's motion to dismiss the hearing on the grounds that the record "failed to raise any issue under this hearing officer's IDEA jurisdiction." Order No. 3. Thus, Plaintiff has done all he can to exhaust his administrative remedies.

## V.
## FACTS APPLICABLE TO ALL COUNTS

6. E.A. is currently a second grade student in a Structured Learning Environment ("SLC") classroom at Norris Elementary School in the Frisco ISD. Frisco ISD determined E.A. was eligible for special education and related services because of autism and a speech impairment.

The ARD Committee agreed that E.A.'s least restrictive environment was an SLC classroom, and he has been in an SLC classroom since Kindergarten.

7. E.A.'s home school, based upon his residence address, is Spears Elementary, which is part of the feeder pattern for Hunt Middle School and Frisco High School. For Kindergarten and first grade, E.A. attended Nichols Elementary School, which is part of the feeder pattern for Pearson and Pioneer Heritage Middle Schools and Reedy High School, because Spears did not have an SLC classroom. Nichols Elementary had a classroom constructed specifically to address the needs of the students assigned to SLC. The SLC classroom at Nichols had direct access to the student drop off lane and a self-contained restroom, as well as a swing and other accoutrement important to the students served.

8. Near the end of E.A.'s first grade year in May 2018, Frisco ISD advised Mr. A. that the SLC classroom would not exist at Nichols during the 2018-2019 school year due to the anticipated enrollment of students from a new subdivision that were going to increase attendance at Nichols to the point that nondisabled students would need the classroom then being used by the students with disabilities. Frisco ISD further advised Mr. A. that E.A. would need to attend Fisher Elementary School during the 2018-2019 school year. Fisher Elementary is part of the feeder pattern for Cobb Middle School and Wakeland High School. Mr. A. requested an ARD Committee meeting to discuss the change. Frisco ISD told Mr. A. that he was not entitled to an ARD Committee meeting to discuss the move because it was a change in program location only and was within the discretion of the District to implement. Mr. A. persisted and Frisco ISD ultimately agreed to convene the ARD Committee, but not for the purposes of reconsidering the requirement that E.A. move to Fisher. The District also agreed to allow Mr. A. to tour the Fisher Elementary campus.

9. After touring the Fisher campus, Mr. A. pointed out to the ARD Committee when it convened that the facility at Fisher was not equipped to handle students in the SLC classroom the way the facility at Nichols was equipped. The classroom was not close to the drop off area and required that E.A. be escorted through the school cafeteria where all the other students were gathering in order to get to the classroom. The Fisher classroom was also not equipped with a swing or with a restroom like the classroom at Nichols. Students needing to use a private restroom would need to be escorted to the teacher's lounge, taking the student and an aide or the teacher out of the classroom and into a room otherwise used only by teachers.

10. Mr. A. inquired of the ARD Committee the identity of other schools that would have SLC classrooms in the 2018-2019 school year. One of the schools identified, Norris Elementary, had a classroom constructed specifically for SLC like the one at Nichols. Mr. A. had learned from E.A.'s classroom teacher that she was not going to move with the students to Fisher, but instead was going to move to Norris. As a result, Mr. A. requested that E.A. be placed in the SLC classroom at Norris. The Principal at Nichols told Mr. A. during the ARD Committee meeting that he could not make any promises to Mr. A., but that if he requested a transfer for E.A. from Fisher to Norris on the first day that students were eligible to request transfers, that he felt confident he would be accepted at Norris. Mr. A. submitted the request, which was granted. E.A. is now attending Norris, which is twice as far as Nichols from E.A.'s home. Importantly, the ARD Committee made clear that the decision to place E.A. in the SLC classroom at Fisher was a "location" decision, not a "placement" decision, and was not a decision for the ARD Committee. That is why Mr. A. was forced to submit for a transfer along with all non-disabled students and, according to Frisco ISD, allegedly could not be placed at Norris by the ARD Committee.

11. Although the decision of a school district to offer a program at a specific location is typically an administrative decision, the District is not allowed to discriminate against students

with disabilities when making that decision. As set forth very clearly by the Department of Education,

> Although the Act does not require that each school building in an LEA be able to provide all the special education and related services for all types and severities of disabilities, the LEA has an obligation to make available a full continuum of alternative placement options that maximize opportunities for its children with disabilities to be educated with nondisabled peers to the extent appropriate. In all cases, placement decisions must be individually determined on the basis of each child's abilities and needs and each child's IEP, and not solely on factors such as category of disability, severity of disability, availability of special education and related services, **configuration of the service delivery system, availability of space, or administrative convenience**.

71 Fed. Reg. 46,588 (Aug. 14, 2006).

12. Frisco ISD admitted to Mr. A. that it was moving E.A. along with all other SLC students without consideration of individual needs, but as a result of the availability of space for other nondisabled students and for administrative convenience. The decision was discriminatory because it impacted only students with disabilities and not nondisabled students.

13. The impact of the decision to move the students qualifying for special education services denied E.A. the least restrictive environment to which he is entitled under the IDEA. For students such as E.A., the opportunity to interact with nondisabled peers is fundamental to their ability to develop the social skills they are lacking that are critical to ultimate independence. Developing lasting relationships with nondisabled students is a critical part of educating students in the least restrictive environment. Frisco ISD states on its own website in describing the SLC learning environment that "[s]tudents participate in activities with their non-disabled peers, as appropriate, to help generalize skills learned in the SLC classroom." Yet Frisco ISD did not hesitate to move E.A. to another school that lacked appropriate facilities when Frisco ISD believed it was going to need room for its nondisabled students. Frisco ISD give no consideration to the nondisabled friends E.A. made during his two years at Nichols. Frisco ISD gave no consideration

to the feeder pattern in which E.A. was placed such that he could develop an identity with the high school he will ultimately attend. E.A. cannot establish relationships with nondisabled peers when he is subject to being moved to a new school every year just because it is convenient for Frisco ISD administration. Frisco ISD would never consider taking one second grade class of nondisabled students and moving them to a new school away from their peers, but they feel free to move students for whom peer relationships are a significant challenge under the theory that it is "merely a change in location."

## VI.
## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE IDEA – DISMISSAL OF DUE PROCESS HEARING

14. Plaintiff incorporates the above numbered paragraphs as if fully set forth herein.

15. Order No. 1 issued by the SEHO provided a deadline for Frisco ISD "to notify the hearing officer and the Petitioner, in writing, if the District believes the Complaint has not met the requirements of the IDEA." Frisco ISD filed "Respondent's Motion to Dismiss for Lack of Jurisdiction."

16. The SEHO ultimately granted motion.

17. The regulations implementing the IDEA provide that 'A parent ... may file a due process complaint on any of the matters described in §300.503(a)(1) and (2). 34 C.F.R. §300.507(a)(1). Section 300.503(a)(2) provides that a school district must provide prior written notice before the district "Refuses to initiate or change the identification, evaluation, or **educational placement** of the child or the provision of FAPE to the child" (emphasis added).

18. The SEHO's ruling on the motion to dismiss states that "The **record** does not support Petitioner's contention that the change in location of Student's SLC program was a fundamental change in Student's program." Order No. 3, p. 4 (emphasis added). But Mr. A. was

never allowed to create a record – he was never allowed to offer the evidence that would show that moving a child in the special education program willy-nilly around the District was a fundamental change in his program.[2]

19. Under the IDEA, a parent is required to pursue a due process hearing on any claim where the gravamen of the complaint is a free appropriate public education. *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743 (2017). The gravamen of Mr. A.'s complaint is E.A.'s educational placement. Thus, Mr. A. was denied his due process rights when the SEHO denied him the right to a full presentation of his evidence.

20. Plaintiff is entitled to a finding and declaratory judgment that he was denied his due process rights to an administrative hearing under the IDEA, but that, because of the acts of the SEHO, he has exhausted his administrative remedies and may proceed with his claims in this court without incurring the expense (and apparent futility) of participating in an administrative hearing before the SEHO who already denied him due process.

21. Plaintiff is also entitled to recover his reasonable attorneys' fees under the IDEA.

**COUNT TWO: VIOLATION OF THE IDEA – LACK OF PRIOR WRITTEN NOTICE**

22. Plaintiff incorporates the above numbered paragraphs as if fully set forth herein.

23. The regulations implementing the IDEA provide that a school district must provide prior written notice before the district "Refuses to initiate or change the identification, evaluation, or **educational placement** of the child or the provision of FAPE to the child" (emphasis added). Frisco ISD's decision to move E.A.'s SLC classroom to another campus solely for reasons of

---

[2] One cannot help but be reminded of the pilots' plight in Catch-22. *See* CATCH-22 by Joseph Heller, at p. 46 ("There was only one catch and that was Catch-22, which specified that a concern for one's safety in the face of dangers that were real and immediate was the process of a rational mind. Orr was crazy and could be grounded. All he had to do was ask; and as soon as he did, he would no longer be crazy and would have to fly more missions. Orr would be crazy to fly more missions and sane if he didn't, but if he was sane he had to fly them. If he flew them he was crazy and didn't have to; but if he didn't want to he was sane and had to."). Here, the SEHO dismissed the action because there was not an adequate record on the issue. Yet, there was no record precisely and only because the SEHO dismissed the action.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                    Page 7 of 10

administrative convenience was a change in E.A.'s educational placement. Frisco ISD did not provide Mr. A. with prior written notice of its decision to move E.A. and did not convene a meeting of E.A.'s ARD Committee to determine the propriety of the placement. In failing to do so, Frisco ISD violated the IDEA.

24. Plaintiff is entitled to a finding and declaratory judgment that Frisco ISD violated the IDEA by moving E.A.'s classroom for administrative convenience and by not providing Mr. A. with prior written notice of and ARD Committee consideration of the move.

25. Plaintiff is also entitled to a finding and declaratory judgment that E.A. must not be moved from his present school and feeder pattern unless the ARD Committee determines that a change in placement is necessary to E.A.'s educational development;

26. Plaintiff is also entitled to recover his reasonable attorneys' fees under the IDEA and under the Declaratory Judgments Act.

### COUNT THREE: VIOLATION OF SECTION 504

27. Plaintiff incorporates the above numbered paragraphs as if fully set forth herein.

28. Frisco ISD is liable under Section 504 if Plaintiff can show that (1) it received federal financial assistance; (2) E.A. is an intended beneficiary; and (3) E.A. is a qualified handicapped person who solely by reason of his handicap has been the subject of discrimination under such program. *See Melton v. Dallas Area Rapid* Transit, 391 F.3e 669 (5th Cir. 2004).

29. Frisco ISD receives federal funds to provide a free appropriate public education to students who qualify as a child with a disability. E.A. has qualified as a child with a disability. Thus, the first two elements of a claim under Section 504 are satisfied.

30. The third element of a claim under Section 504 requires that E.A. have been discriminated against in the provision of a free appropriate public education by reason of his disability. E.A.'s class was the only class moved entirely from Nichols Elementary to Fisher

Elementary for the 2018-2019 school year. E.A.'s class was singled out based upon the fact that it was a self-contained classroom of students with disabilities. No classrooms of nondisabled students were moved from Nichols to Fisher. If E.A. did not have a disability, he would not have been moved from Nichols to Fisher. It was more administratively convenient for Frisco ISD to uproot the students with special needs and shuffle them off to another campus than it would have been to move nondisabled students or adjust attendance boundaries to solve the over-crowding issue created by new students in the Nichols attendance zone.

31. Section 504 does not allow Frisco ISD to discriminate against E.A. in providing him an education based upon his disability. Plaintiff seeks a finding and a declaratory judgment that the decision to move E.A. and his classroom to another campus for administrative convenience violated Section 504 of the Rehabilitation Act.

32. Plaintiff is also entitled to recover reasonable attorneys' fees under Section 504 (29 U.S.C. § 794a(b)).

## V.
## JURY DEMAND

33. Plaintiff demands a trial by jury on his claim for violation of Section 504.

## VI.
## PRAYER

Plaintiff requests that the Court award the following relief against Defendant as may be appropriate:

(1) A declaration that Mr. A was denied his due process rights to an administrative hearing under the IDEA, but that, because of the acts of the SEHO, he has exhausted his administrative remedies and may proceed with his claims in this court.

(2) A declaration that Frisco ISD violated the IDEA by moving E.A.'s classroom for administrative convenience and by not providing Mr. A. with prior written notice of and ARD Committee consideration of the move;

(3) A declaration that E.A. must not be moved from his present school and feeder pattern unless the ARD Committee determines that a change in placement is necessary to E.A.'s educational development;

(4) A declaration that the decision to move E.A. and his classroom to another campus for administrative convenience violated Section 504 of the Rehabilitation Act;

(5) Attorneys' fees;

(6) Costs of court; and

(7) All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

*[signature]*

Roy T. Atwood, P.C.
Texas State Bar No. 01428040

**ATWOOD GAMEROS, L.L.P.**
6116 N. Central Expressway, Suite 1400
Dallas, Texas  75206
Telephone:     (214) 559-7399
Facsimile:       (214) 481-5502
E-mail:           royatwood@atwoodgameros.com