# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| E.A., b/n/f EDWARD A., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:19-cv-00266 |
| v. | § § | Judge Mazzant |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Frisco Independent School District's Motion to Dismiss Plaintiff's Original Complaint (Dkt. #5). Having considered the motion and relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

**I.    Factual Summary**

Plaintiff E.A. b/n/f Edward A. ("E.A." or "Plaintiff") was, at the time the actions giving rise to this suit occurred, a second-grade student with autism and a speech impairment eligible for special education services. Beginning in kindergarten, Plaintiff's Admission Review and Dismissal ("ARD") committee recommended placing Plaintiff in a Structured Learning Class ("SLC"). A SLC is a self-contained program for students with autism.

Plaintiff's home campus is Spears Elementary School ("Spears"). But because Spears did not have a SLC program for kindergarten and first grade students, Plaintiff completed those grade levels at Nichols Elementary School ("Nichols"), which had a classroom specifically constructed to address the needs of SLC students.

In May 2018, near the end of Plaintiff's first grade year at Nichols, Defendant Frisco Independent School District ("Frisco ISD" or "Defendant") advised Plaintiff's custodial grandfather, Edward A. ("Mr. A"), that Nichols would not have a SLC for the 2018–2019 school year. Accordingly, Mr. A was advised, Plaintiff would attend Fisher Elementary School ("Fisher") for the 2018–2019 school year.

Mr. A responded by requesting an ARD committee meeting to discuss the change. At first, Defendant declined Mr. A's request on the ground that its decision to transfer Plaintiff from Nichols to Fisher was a location decision solely within its discretion. After Mr. A persisted in his request for an ARD committee meeting, Defendant convened such a meeting but apparently did not reconsider the decision to transfer Plaintiff from Nichols to Fisher.

Defendant allowed Mr. A to tour the Fisher campus. After his tour, Mr. A claimed that Fisher was not equipped to handle students in the SLC in the same manner as Nichols. Mr. A observed that the classroom at Fisher was not close to the drop off area and required students like Plaintiff to be escorted through the school cafeteria where all the other students were gathering in order to get to their classroom. Moreover, it was not equipped with a swing or with a restroom like the classroom at Nichols. Students needing to use a private restroom allegedly would have to be escorted to the teachers' lounge, taking the student and an aide or the teacher out of the classroom and into a room otherwise used only by teachers.

Mr. A claims that Defendant admitted that it was moving Plaintiff, along with all other SLC students, without consideration of individual needs but rather as a result of availability of space for other nondisabled students and for administrative convenience. Mr. A argues that the decision to move the students qualifying for special education services denied Plaintiff the least restrictive environment to which he is entitled under the Individuals with Disabilities Education

Act ("IDEA") because it denied Plaintiff the opportunity to interact with nondisabled peers fundamental to his ability to develop proper social skills.

Due to his concerns about the Fisher SLC, Mr. A inquired to the ARD committee as to whether there were any other schools with a SLC for the 2018–2019 school year. He learned that Norris Elementary School ("Norris"), like Nichols, had a classroom constructed specifically for a SLC. On top of that, Mr. A learned that Plaintiff's teacher was moving to Norris. Apparently satisfied with the accommodations at Norris, Mr. A spoke with the Nichols Principal and requested that Plaintiff be transferred to the SLC at Norris. The Nichols Principal informed Mr. A that, while he could not guarantee anything, he believed the transfer request would be granted if Mr. A made the request on the first day students could make such a request. Indeed, Mr. A made the request, and the transfer was granted—Plaintiff now attends Norris.

Mr. A filed a due process complaint and a requested an impartial due process hearing pursuant to the IDEA on November 19, 2018. After reviewing the case, the Special Education Hearing Officer ("SEHO") determined that Plaintiff's transfer from Nichols to Fisher did not implicate any issue over which he could exercise jurisdiction. The SEHO accordingly granted Defendant's motion to dismiss the complaint.

## II. Procedural History

On April 10, 2019, Plaintiff filed a Complaint (Dkt. #1). On May 9, 2019, Defendant filed a Motion to Dismiss (Dkt. #5). On May 24, 2019, Plaintiff filed a Response (Dkt. #8). On May 30, 2019, Defendant filed a Reply (Dkt. #9).

## LEGAL STANDARD

**I.     12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

**II.    12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant moves the Court to dismiss this action on the grounds that it lacks subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief can be granted. The Court addresses each argument in turn.

**I.     12(b)(1)**

Defendant argues first that the Court does not have subject matter jurisdiction over this case. Its logic goes as follows: (1) the decision to move E.A. from Nichols to Fisher was not an "educational placement" within the meaning of the IDEA; (2) because the move was not an "educational placement" under the IDEA, the SEHO correctly determined it did not have jurisdiction over Plaintiff's IDEA claims; and (3) because the SEHO lacks jurisdiction over Plaintiff's IDEA claim, the Court likewise lacks jurisdiction over Plaintiff's IDEA claim. The Court disagrees with Defendant's conclusion that because the SEHO lacks jurisdiction, it too lacks jurisdiction.

The IDEA's implementing regulations give a parent or public agency the right to "file a due process complaint on any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a [Free Appropriate Public Education ("FAPE")] to the child." 34 C.F.R. §§ 300.507(a)(1); 300.503(a)(1)–(2);) 19 TEX. ADMIN. CODE

§ 89.1151(a). A SEHO then conducts a due process hearing and decides the case. But the SEHO has jurisdiction only over matters relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a FAPE to the child.

The sole issue before the SEHO in this case was whether the location of Plaintiff's educational services was an "educational placement" within the meaning of the IDEA that would trigger the Defendant's obligation under the IDEA to conduct an ARD committee meeting and provide prior written notice. After consideration, the SEHO determined the following:

> [Defendant] did not change [Plaintiff's] placement when it changed the physical location of his SLC program and did not have to provide prior written notice before doing so. Since [Plaintiff's] program remained unchanged and no change in educational placement occurred, this special education hearing officer has no educational placement dispute to adjudicate. As such, Petitioner has failed to raise any issue under this hearing officer's IDEA jurisdiction.

(Dkt. #8-1). In other words, the SEHO determined that he lacked jurisdiction because Plaintiff's transfer was not an "educational placement" under the IDEA.

Defendant argues that the Court therefore lacks jurisdiction over this case. In so arguing, Defendant assumes that the Court's jurisdiction over this claim depends on the SEHO's jurisdiction over the claim. But Defendant fails to provide any case support for this proposition, and the Court sees no reason why its subject matter jurisdiction would be premised on that of the SEHO.

Instead, the Court has subject matter jurisdiction in this case because the case arises under federal law—specifically the IDEA and § 504. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013), 568 U.S. at 257 (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted."). If the Court finds a federally created cause of action on the face of Plaintiff's well-pleaded

complaint, the Court may exercise federal question jurisdiction over the claim. Thus, the Court has federal question jurisdiction over the present action; the SEHO's lack of jurisdiction due to his determination that there was no "educational placement" is inapposite.[1]

Defendant also argues that the Court lacks jurisdiction over Plaintiff's claim under § 504 of the Rehabilitation Act. Defendant's argument is that, to the extent Plaintiff's § 504 claim is based on Defendant's failure to provide Plaintiff with a FAPE, Plaintiff must exhaust his administrative remedies under the IDEA before filing suit in federal court. The Court disagrees.

As this Court has previously explained, *see Boggs v. Krum Indep. School Dist.*, 376 F. Supp. 3d 714, 720 (E.D. Tex. 2019), a failure to exhaust administrative remedies is merely a precondition to suit—not a jurisdictional prerequisite. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 142 (5th Cir. 2016) (citing *Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir. 1990)) ("Absent a jurisdictional nature to 'failure to exhaust,' we treat such failures to exhaust as affirmative defenses, not jurisdictional prerequisites."); *Gardner v. School Bd. Of Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992) (suggesting that a failure to exhaust an IDEA claim is not jurisdictional "because there is a judicial exception to exhaustion when exhaustion would be futile or inadequate"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001) (explaining that exhaustion under a different statute was "not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling"). Accordingly, regardless of whether Plaintiff has indeed failed to exhaust his administrative remedies under the IDEA, the Court will not dismiss Plaintiff's Rehabilitation Act claims *for lack of subject matter jurisdiction* as a result.

---

[1] As discussed in section II, *infra*, the Court recognizes that its review of a SEHO's decision is "virtually de novo." It is not persuaded, however, that this applies to a jurisdiction determination. Indeed, the question whether the SEHO has jurisdiction is entirely separate from the question whether the district court does.

## II.   12(b)(6)

Defendant next argues that the Court should dismiss Plaintiff's claim on the ground that Plaintiff (1) failed to establish a violation of the IDEA, and (2) failed to establish a violation of § 504 of the Rehabilitation Act. The Court addresses each argument in turn.

First, Defendant contends that Plaintiff has failed to state an IDEA claim because Defendant's transfer of Plaintiff from Nichols to Fisher does not implicate Plaintiff's identification, evaluation, educational placement, or receipt of a FAPE. The SEHO determined that the transfer was not an "educational placement" within the meaning of the IDEA.

"Under the IDEA, a federal district court's review of a state hearing officer's decision is 'virtually de novo.'" *Adam J. v. Keller Indep. Sch. Dist.*, 328 F.3d 804, 808 (5th Cir. 2003). The court must reach an independent decision based on a preponderance of the evidence. *Hous. Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000); *Cypress-Fairbanks Independent School Dist. v. Michael F. b/n/f Barry F*, 118 F.3d 245, 252 (5th Cir. 1997). However, this requirement "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). Instead, "due weight" is to be given to the hearing officer's decision. *Id.*

After reviewing the complaint and motions, the Court finds that Plaintiff has at least plausibly alleged an IDEA violation. Even according "due weight" to the SEHO's decision, the Court finds that Plaintiff's complaint presents allegations that, if true, could plausibly support the claim that E.A.'s transfer concerned his "educational placement" within the meaning of the IDEA. Accordingly, Plaintiff's pleadings on the issue whether there was an IDEA violation are sufficient to survive a motion to dismiss under Rule 12(b)(6).

Second, Defendant contends Plaintiff failed to both (1) state a standard disability discrimination claim under § 504 of the Rehabilitation Act, and (2) state a disability discrimination claim under the Rehabilitation Act predicated on compliance with the IDEA. After reviewing the complaint and motions, the Court finds that Plaintiff has at least plausibly alleged both a standard disability discrimination claim and a disability discrimination claim predicated on the alleged denial of a FAPE. Accordingly, Plaintiff's pleadings on the issue whether there were Rehabilitation Act violations are sufficient to survive a motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Frisco Independent School District's Motion to Dismiss Plaintiff's Original Complaint (Dkt. #5) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE